David **RUTHERFORD**, Plaintiff–Appellant,

v.

**COMMISSIONER OF SOCIAL SECURITY**, Defendant–Appellee.

No. 02–6008.

United States Court of Appeals, Sixth Circuit.

June 11, 2003.

Before: MOORE and GIBBONS, Circuit Judges; and SCHWARZER, District Judge.*

*ORDER*

David Rutherford appeals a district court judgment affirming the Commissioner's denial of his applications for social security disability insurance benefits and for supplemental security income benefits. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Rutherford filed applications for social security disability insurance benefits and for supplemental security income benefits alleging that he was disabled due to ulnar neuritis, adjustment disorder, depression, and high borderline intellectual functioning with an IQ of 82. After a hearing, an administrative law judge (ALJ) found that

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

Rutherford was not disabled because he could perform a substantial number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Rutherford then filed a complaint seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

■ Rutherford asserts that the medical-vocational guidelines were improperly applied to find him disabled. Rutherford is correct. As he suffers from non-exertional impairments, the ALJ did err in applying the guidelines to conclude that Rutherford was not disabled. *See Abbott v. Sullivan*, 905 F.2d 918, 926–27 (6th Cir. 1990). However, the error is harmless as the outcome of the case would not be different had the guidelines not been applied. *Id.* at 926 n. 6. The record contains the testimony of a vocational expert. Based upon a series of hypothetical questions by the ALJ, the vocational expert testified that Rutherford could work in light custodial positions as well as a self-service gas attendant, watchman/security guard, motel clerk, and inventory clerk. As the testimony of the vocational expert established that there were a significant number of jobs in the economy which Rutherford could perform, the Commissioner's ultimate conclusion that Rutherford is not disabled is supported by substantial evidence. *Cf. id.* at 926–27 (no vocational expert testimony existed in the record to prevent a remand for improper application of the guidelines).

Rutherford also challenges the ALJ's assessment of his pain. Rutherford feels that the ALJ did not sufficiently articulate his decision regarding his testimony and that of his wife. The ALJ discussed Rutherford's allegations of pain on pages four and five of his opinion. He also discussed Rutherford's wife's testimony on page five of his opinion. The ALJ noted that Rutherford's allegations of extreme pain were contradicted by his daily activities. After discussing the medical evidence on page six of his opinion, the ALJ revisited the issue of Rutherford's pain. In a lengthy discussion, the ALJ noted that Rutherford's complaints of severe pain conflicted with the evidence in the record. Credibility determinations rest with the ALJ. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987). The medical evidence and Rutherford's activities do not support his allegations of disabling pain. Therefore, the ALJ did not commit reversible error in rejecting Rutherford's complaints of pain.

■ Rutherford contends that the ALJ did not properly evaluate his residual functional capacity. Rutherford states that the ALJ should have obtained the testimony of a medical advisor regarding his mental impairment. Further, the ALJ failed to apply any analysis as to the mental functional assessments made by a consulting examiner. The ALJ actually adopted Rutherford's treating physician's opinion regarding his mental condition. In addition, the report of the consultive psychological examiner was also adopted by the ALJ as the opinions of both the treating and consultive physicians correlated. However, the ALJ gave the opinion of the treating physician more weight. The ALJ concluded that based on the opinion of Rutherford's treating physician, Rutherford's ability to relate to co-workers, deal with the public, and carry out complex instructions were mildly impaired. Further, Rutherford's ability to handle stress was mildly to moderately impaired. Thus,

the ALJ did find that Rutherford's mental impairment restricted the type of jobs he could perform. The argument is without merit.

Accordingly, we affirm the district court's judgment.